**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| TERRANCE V. SMITH, #311818,           )<br>                                                              )<br>              Petitioner,                          )<br>                                                              )<br>       vs.                                                )<br>                                                              )<br>CECILIA REYNOLDS, *Warden of Lee*     )<br>*Correctional Institution*,                        )<br>                                                              )<br>              Respondent.                         )<br>                                                              ) | No. 1:15-CV-2996-DCN-SVH<br><br>**ORDER** |

This matter is before the court on United States Magistrate Judge Shiva V. Hodges' report and recommendation ("R&R"). The magistrate judge recommends that the court grant respondent Warden Cecelia Reynolds' ("respondent") motion for summary judgment and deny the petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the court adopts the R&R, denies the petition, and grants respondent's motion for summary judgment.

**I.   BACKGROUND**[1]

Petitioner Terrance V. Smith ("petitioner") was indicted by a Lexington County grand jury during the May 2002 term of court for attempted armed robbery (2002-GS-32-1405), criminal conspiracy (2002-GS-32-1406), and murder (2002-GS-32-1407). During the February 2003 term of court, petitioner was indicted for first-degree burglary (2003-GS-32-743), possession of a firearm during commission of a violent crime (2002-GS-32-

---

[1] Because petitioner does not have any objections to the procedural background and history as fully set forth in the magistrate judge's R&R, the court will dispense with a lengthy recitation thereof and will direct the parties to pages 1 through 5 of the R&R. See Pet'r's Obections 1; R&R 1–6. The court will only provide an overview of the procedural background of this case.

1

745), assault and battery with intent to kill ("ABWIK") (2003-GS-32-746), and ill treatment of an animal (2003-GS-32-1109). ECF Nos. 19-4 at 2–3, 7–8, 13–14, 16–17, 21–22, 25–26; 21. Petitioner was represented by Jonathan R. Hendrix, Esq. and Michael R. Ellisor, Esq., and proceeded to a jury trial on April 28 to May 2, 2003, before the Honorable Marc H. Westbrook, Circuit Court Judge. ECF No. 19-1 at 7. The jury found petitioner guilty of attempted armed robbery, criminal conspiracy, murder, first-degree burglary, possession of a firearm, and ABWIK, and acquitted petitioner of ill treatment of an animal. ECF No. 19-2 at 374–75. Judge Westbrook sentenced petitioner to life in prison without the possibility of parole. Id. at 393.

      Petitioner appealed his conviction and sentences to the South Carolina Court of Appeals ("Court of Appeals"). ECF No. 19-5. On appeal, petitioner was represented by Mary P. Miles, Esq. ECF No. 19-6. On November 30, 2005, the Court of Appeals filed an unpublished decision affirming petitioner's conviction. ECF No. 19-3 at 8–9. The remitter was issued on December 16, 2005. Id. at 10.

      Petitioner filed an application for post-conviction relief ("PCR") on October 31, 2006, in which he alleged the following claims: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) unconstitutional sentence, and (4) due process violation. Id. at 11–20. On January 30, 2013, petitioner filed an amended PCR application raising a trial court error claim and additional claims of ineffective assistance of counsel. Id. at 71–72. A PCR evidentiary hearing was held before the Honorable Frank W. Addy, Jr., Circuit Court Judge, on April 15–16, 2013, at which petitioner and his counsel, Tara D. Shurling, Esq., appeared. Id. at 74–349. On April 2, 2014, Judge Addy filed an order of dismissal. Id. at 411–25. Petitioner filed a motion to alter or amend on April 24, 2014.

Id. at 427–34.  On May 12, 2014, Judge Addy filed an order modifying the court's April 2, 2014 order of dismissal.  Id. at 435–36.

On or about June 10, 2014, petitioner filed a timely notice of appeal from the PCR court's denial of his application.  ECF No. 19-7.  Jeremy A. Thompson, Esq. represented petitioner on appeal, and on or about November 5, 2014, filed a petition for writ of certiorari in the Supreme Court of South Carolina.  ECF No. 19-8 at 3.  On June 17, 2015, the Supreme Court of South Carolina denied the petition for writ of certiorari.  ECF No. 19-11. The remittitur was issued on July 6, 2015.  ECF No. 19-12.

Petitioner filed this federal petition for a writ of habeas corpus on July 28, 2015. ECF No. 1-3 at 2.  Petitioner raises the following three grounds for relief:

> **Ground One:** Petitioner's 6th and 14th [Amendment] rights of the United States Constitution were violated because of ineffective assistance of counsel.
>
> Supporting Facts: Please see Pet'r's Resp. 2-3
>
> **Ground Two**: Petitioner's 5th and 14th [Amendment] rights of the United States Constitution were violated because of due process Brady violation.
>
> Supporting Facts: Please see Pet'r's Resp. Pages 3-4
>
> **Ground Three:** Petitioner's 6th and 14th [Amendment] rights of the United States Constitution were violated due to ineffective assistance of counsel.
>
> Supporting Facts: Please see Pet'r's Resp. Page 5

ECF No. 1 at 5–8 (emphasis added).

On December 2, 2015, respondent moved for summary judgment.  Smith filed a response in opposition on February 19, 2016.  Pet'r's Resp.  On April 18, 2016, the magistrate judge issued an R&R, determining that Grounds One, Two, and Three were

3

meritless. See R&R. Ultimately, the magistrate judge recommended that the court dismiss Smith's petition with prejudice and grant respondent's motion for summary judgment. R&R 1. Smith has filed an objection to the R&R and the matter is ripe for the court's review.

## II.   STANDARD OF REVIEW

### A.   De Novo Review

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). The court may adopt the portions of the R&R to which the petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and it is this court's responsibility to make a final determination. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

### B.   Section 2254

This court has jurisdiction under 28 U.S.C. § 2254 to hear a petition for a writ of habeas corpus made by a person imprisoned pursuant to a state court proceeding. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides relief to a person in custody pursuant to the judgment of a state court if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes a one-year statute of limitations period that begins to run on the date a petitioner's conviction becomes final. 28 U.S.C. § 2244(d)(1); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

Under South Carolina law, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.  See S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; Blakeley v. Rabon, 221 S.E.2d 767, 770 (S.C. 1976).

Federal habeas corpus relief may not be granted on any claim that was adjudicated on the merits in the state court unless the state court determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the fact in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254 (d)(1), (2).  A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides differently than th[e] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 413 (2000).  Moreover, a state court's decision involves an unreasonable application of clearly established federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to facts of [a particular] case."  Id.

Under AEDPA , a federal court affords deference to a state court's resolution of a state prisoner's habeas claims.  See Bell v. Cone, 543 U.S. 447, 455 (2005).  To obtain a writ of habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification

5

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S.Ct. 770, 786–87 (2011). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 786.

### 1.     Exhaustion

Further, absent cause and prejudice, or a fundamental miscarriage of justice, "a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts." Longworth v. Ozmint, 377 F.3d 437, 447–48 (4th Cir. 2004). The statute requires a petitioner to exhaust available remedies in state court before the federal court may consider a claim. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). The petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" and "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth, 377 F.3d at 448. In other words, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001) (en banc).

### 2.     Procedural Bar

Federal habeas courts will not hear claims that are procedurally defaulted by the failure of the petitioner to present the claim in the highest state court with jurisdiction to hear the claim and the claim is not procedurally barred in that court. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). Claims may also be procedurally defaulted if a

6

state court declined to consider the merits of the claim on the basis of independent and adequate state procedural rules. Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999). A state law is independent if it does not depend upon a federal constitutional ruling. Ake v. Oklahoma, 470 U.S. 68, 75 (1985). For a state law ground to be adequate, it must be applied regularly or consistently. Johnson v. Mississippi, 486 U.S. 578, 587 (1998); Brown v. Lee, 319 F.3d 162, 169 (4th Cir. 2003). Procedural default is an affirmative defense in habeas cases and the burden rests with the state. Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010); Yeatts, 166 F.3d at 261. Procedural default may be excused where the prisoner can show "cause" and "actual prejudice" or that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Schulp v. Delo, 513 U.S. 298, 314 (1995); Bostic v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009). A "fundamental miscarriage of justice" is generally considered to occur when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. 477 U.S. at 495.

### 3. Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where a party "fails to make a showing sufficient to establish the existence of an element essential to his case," Rule 56(a) mandates entry of summary judgment against that party. Celotex v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence is viewed in the light most favorable to the nonmoving party with all justifiable inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III.   DISCUSSION[2]

A.   **Ground Two**

In Ground Two, petitioner alleges a Brady violation took place and he was denied his right to a fair trial when the state failed to disclose the true nature of the government's plea agreement with Wykeshia Williams ("Williams"), a cooperating codefendant. ECF No. 1 at 19. Although respondent argues petitioner procedurally defaulted on his claim in Ground Two, she also contends the claim is without merit. ECF No. 19 at 34–37. The magistrate judge conducted a merits review on this claim and recommends that the court hold petitioner has not shown by clear and convincing evidence that the PCR court reached an unreasonable factual determination on this issue, and petitioner has failed to show he was prejudiced by the state's direct examination of Williams regarding when her pending charges were dismissed. R&R 17–20. Petitioner objects to the magistrate judge's recommendation, arguing that the R&R does not address any factual findings regarding the plea agreement the state's plea agreement with Williams, other than to state that "[t]he undersigned finds Petitioner has not shown by clear and convincing evidence that the PCR court reached an unreasonable factual determination on this issue." Pet'r's Objections 2 (quoting R&R 19). Petitioner objects because he "cannot determine what 'proposed findings of facts and recommendations for the disposition' of each claim are contained within the Report." Id. (quoting 28 U.S.C. § 636(b)(1)(B)).

"A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused." Youngblood v. West Virginia, 547 U.S. 867, 869 (2006) (per curiam). Evidence is material if a reasonable probability exists "that, had the

---

[2] The court will first address Ground Two and then consolidate Grounds One and Three.

8

evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 870 (quoting Strickler v. Greene, 527 U.S. 263, 280 (1999)). However, a showing of materiality requires a "showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Id. (quoting Kyles v. Whitley, 514 U.S. 419, 435 (1995)). The assessment of materiality is made in light of the entire record. United State v. Argus, 427 U.S. 97, 112 (1976).

"An individual asserting a Brady violation must demonstrate that evidence: (1) favorable to the accused; (2) in possession of or known by the prosecution; (3) was suppressed by the State; and (4) was material to the accused's guilt or innocence or was impeaching." Riddle v. Ozmint, 631 S.E.2d 70, 44 (2006).

A state "denies a defendant due process by knowingly offering or failing to correct false testimony." Badsen v. Lee, 290 F.3d 602, 614 (4th Cir. 2002). A claim along the lines of prosecutorial misconduct requires a showing of falsity and materiality of testimony and the prosecutor's knowledge of its falsity. See id. False testimony is material when "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." Boyd v. French, 147 F.3d 319, 329–30 (4th Cir. 1998) (quoting Kyles, 514 U.S. at 433).

Petitioner argues the State's "failure to disclose, or correct Williams on the true agreement is a clear due process violation." ECF No. 1 at 20. During the PCR hearing, the solicitor testified about Williams' plea agreement and stated the following:

> To the best of my memory, she was going to plead to burglary first, and an attempted armed robbery, and I believe a conspiracy charge. And the other charges were

> going to be dismissed provided she give truthful testimony during the trial of the co-defendants, Collins and Smith.

ECF No 19-3 at 278. The solicitor further testified as follows:

> Q. Would you agree that the way the question was posited to this witness would give the jury the impression that the murder indictment was - - the murder charge was gone, that it was a done deal?
>
> A. Yes, I guess it would have. I don't know. I mean, the agreement was that the charges were going to be dismissed
>
> Q. I understand that. But it doesn't say that in the transcripts. And the transcript says, "And those charges – to ask about you were originally charged with murder?" "Yes, sir." "And there were some other attempted armed robbery charges?"
>
> "Yes, sir." "And those charges have been dismissed?" "Yes, sir." So my question is, by saying they have been dismissed, would that not lead the jury to believe that those charges were gone, that they had been dismissed?
>
> A. I guess the question was not artfully asked, yes, ma'am.

Id. at 298. The PCR court denied this claim, finding petitioner "failed to show any basis to believe that there were negotiations between Williams and the prosecution other than what was presented at trial." Id. at 416.

In his response, petitioner claims the strength of the state's case relied, in large part, upon Williams' testimony and alleges there is a reasonable probability that the jury would have acquitted petitioner had they known that the prosecutor could resume his prosecution of Williams for murder if she did not testify favorably for the state at trial. ECF No. 26 at 26.

The court agrees with the magistrate judge that the petitioner has not shown by clear and convincing evidence that the PCR court reached an unreasonable factual determination on this issue.  See Evans v. Smith, 220 F.3d 306, 312 (4th Cir. 2000) (holding that federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); 28 U.S.C. § 2254(e)(1) (stating the determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence).  The court finds the distinction of whether the charge would be dismissed or had been dismissed was immaterial because the jury was aware that, in exchange for her testimony at trial, Williams received a substantial benefit.

Additionally, the court agrees with the magistrate judge that petitioner has failed to show how he was prejudiced by the state's direct examination of Williams regarding when her pending charges were dismissed because the evidence of petitioner's guilt at his trial was overwhelming.  Two witnesses identified petitioner as one of the gunmen, ECF No 19-1 at 316–18, 379–83, and codefendant Ivan Collins's ("Collins") testimony placed petitioner at Charles Penny's house at the time of the shooting, ECF No. 19-2 at 244–49, 265–66.  Based on the foregoing, the court finds Ground Two fails on the merits.

### B. Grounds One and Three

Grounds One and Three of the petition allege ineffective assistance of counsel. ECF No. 1 at 5, 8.  The Sixth Amendment provides not only the right to counsel, but the right to the effective assistance of competent counsel.  Hoffman v. Leeke, 903 F.2d 280, 285 (4th Cir. 1990) (citing Powell v. Alabama, 287 U.S. 45, 48 (1932)).  Ineffective

assistance of counsel claims are governed by standards established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a petitioner must show (1) his attorney's performance fell below an objective standard of reasonableness and (2) he suffered prejudice. <u>Id.</u> at 688, 694.

A determination need not be made concerning the attorney's performance if it is clear that no prejudice resulted. <u>See id.</u> at 697. To prove prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. Petitioner must show that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." <u>Id.</u> at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." <u>Id.</u> at 689. A petitioner must also overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. <u>Id.</u> at 689.

In the context of a 28 U.S.C. § 2254 proceeding, it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002). A petitioner must show that the state court applied <u>Strickland</u> to the facts of the case in an objectively unreasonable manner. <u>Id.</u>

### a. Ground One

In Ground One, petitioner alleges his counsel was ineffective in failing to cross-examine Williams about the potential minimum and maximum sentences she faced for her dismissed charges and the charges to which she pleaded guilty. ECF No. 1 at 16.

The magistrate judge recommends the court hold that petitioner cannot satisfy the Strickland test because there is not a substantial likelihood that petitioner's trial would have been different had trial counsel specifically questioned Williams regarding the maximum and minimum sentences she faced as a result of her plea agreement with the state. R&R 17. The magistrate judge also recommends the court hold that petitioner has failed to show that the state court's analysis of this issue misapplied clearly established federal law or, even if the court did err, that it was unreasonable. R&R 17. Petitioner objects to the magistrate judge's R&R because it does not discuss counsel's performance. Pet'r's Objections 2.

Regarding his cross-examination of Williams, trial counsel testified that he could not recall considering whether to question Williams on her understanding of the minimum penalty she could receive for first-degree burglary or if he had a strategy for not doing so. ECF No. 19-3 at 90–91. He further testified about the pending murder charge, stating that it was "obvious that she was getting some kind of consideration for her cooperation and testimony." ECF No 19-2 at 129.

The PCR court found the claim to be without merit because trial counsel conducted a thorough cross-examination of Williams and attacked her credibility with her prior forgery conviction and fraudulent marriage to a Chinese drug dealer whom she was paid to keep in the country. Tr. P. 833, line 10-p. 835, line 3. The PCR court further stated that petitioner had not met his burden of showing that his counsel was ineffective because trial counsel's cross-examination did not fall below that expected of a reasonable attorney and counsel's performance did not fall below professional norms.

The court agrees with the magistrate judge that petitioner's claim of ineffective assistance for failing to more vigorously cross-examine Williams on her plea deal is without merit. Petitioner cannot satisfy the Strickland test. The PCR court reasonably found that counsel's failure to cross-examine Williams about her potential sentences did not affect the outcome of the trial. Petitioner has failed to show that the state court's analysis of this issue misapplied clearly established federal law. Therefore, the court finds Ground One fails on the merits.

### b. Ground Three

In Ground Three, petitioner alleges he was denied effective assistance of counsel when his trial counsel failed to request a self-defense jury charge after Collins testified. ECF No. 1 at 21. The magistrate judge recommends the court hold that petitioner cannot satisfy the Strickland test and has failed to establish that the PCR court was unreasonable in finding that the defense available to petitioner under Collins's testimony was mere presence, and not self-defense. R&R 22. The magistrate judge also recommends the court hold that petitioner has not shown that the PCR court's decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. R&R 22. Petitioner objects to the magistrate judge's recommendation because the Report's findings do not discuss his counsel's performance. Pet'r's Objections 2.

At the PCR hearing, trial counsel testified that he did not recall considering whether to request a jury charge of self-defense but thought it would have been appropriate to do so. ECF No. 19-3 at 175. The PCR court denied the claim, finding "counsel was focused on a defense that Applicant was not there and misidentified

. . . . Collins'[s] testimony would support self-defense and perhaps defense of others, but that was Collins'[s] defense, not Applicant's. Applicant's defense under those facts would be mere presence." Id. at 423. The PCR court also found that "Applicant was not prejudiced by the failure to instruct the jury on self-defense or defense of other and counsel's performance was not deficient." Id.

Collins testified that he and his cohorts did not go to the apartments to commit a robbery, but instead went because Williams wanted to go. Id. Collins further testified that Williams went inside while petitioner and Collins waited in the car. Id. Additionally, around twenty minutes later, petitioner went to check on Williams and ended up in a struggle with another man after he knocked on the door. Id. Collins also testified that, during the struggle, Collins approached and saw a man with a gun in the doorway who fired at him, and he fired back, striking the man. Id.

The court instructed the jury on mere presence as follows:

> [M]ere presence at the scene of a crime is not enough to prove someone guilty of a crime. The burden is upon the state to prove every element of the crime charged. So if you find after reviewing all of the evidence that the state has proven that a defendant was only present at the scene of the crime and that they have [sic] not proven beyond a reasonable doubt any other participation in the crime[,] then you must find that dependent is not guilty.

PCR App. 852, ll 9–19.

The court agrees with the magistrate judge that petitioner cannot satisfy the Strickland test and did not show that the PCR court's decision was contrary to or involved an unreasonable application of clearly established federal law. Based on the evidence, petitioner did not show that the PCR court's finding—that the defense available

15

to him from Collins's testimony was mere presence, not self-defense—was unreasonable. Therefore, the court finds Ground Three fails on the merits.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, **DENIES** the petition for writ of habeas corpus, and **GRANTS** respondent's motion for summary judgment.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 26, 2016**
**Charleston, South Carolina**